**Angel Armando AYALA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 09–72400.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2011.*

Filed Jan. 20, 2011.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Shan Potts, Law Offices of Larry W. Smith, Los Angeles, CA, for Petitioner.

OIL, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Angel Armando Ayala, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his motion to reopen deportation proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we deny the petition for review.

** This disposition is not appropriate for publi-

The agency did not abuse its discretion in denying Ayala's motion to reopen as untimely where he filed the motion more than nine years after his deportation order was entered, and failed to show that he acted with the due diligence required to warrant equitable tolling of the filing deadline. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1) (motion to reopen must be filed within 180 days of deportation order entered in absentia); *Iturribarria*, 321 F.3d at 897 (a petitioner may obtain equitable tolling based on ineffective assistance of counsel as long as he "act[ed] with due diligence in discovering the deception, fraud, or error").

In light of our disposition, we do not address Ayala's remaining contentions.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.